IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PASSAVANT MEMORIAL HOMES INC.,

    Plaintiff,                                 17cv1157
                                               **ELECTRONICALLY FILED**
        v.

BEASLEY INSURANCE COMPANY, INC.,

    Defendant.

**MEMORANDUM ORDER OF COURT**

Presently before the Court in this Declaratory Judgment matter are two Motions. The first is a Motion to Compel the Production of Documents filed by Plaintiff. See doc no. 28. The second is a Motion to Compel the Production of Documents filed be Defendant. See doc. no. 29.

    **I.**        **FACTUAL BACKGROUND**

Plaintiff filed a Complaint seeking a declaratory judgement that it was entitled to insurance coverage from Defendant. According to the Complaint, in 2014, Passavant discovered "a possible compliance issue with regard to the administration of controlled substances at certain Passavant facilities through pharmacies operated by . . . Passavant subsidiaries." Doc. no. 1, ¶ 11. Plaintiffs Complaint alleges that Defendant's insurance policy covers the Passavant pharmacies referenced above for the failure to comply. Id., ¶ 12. To this end, Plaintiff alleges that it notified Defendant of the regulatory compliance issue relating to the administering of controlled substances by the Passavant pharmacies. Id., ¶ 15. In addition, Plaintiff claims that after it submitted voluntary disclosures to the Assistant United States Attorneys for the Western

and Eastern Districts of Pennsylvania and the District of Colorado, as well as the Department of Health and Human Services for the Commonwealth of Pennsylvania, Plaintiff submitted a demand for coverage to Defendant for to the expenses incurred relating to the compliance issue and the disclosures. Id., ¶ 19. Plaintiff claims that it provided Defendant with updated information as the investigations progressed and continued its demand for coverage. Id.,. Although the Defendant purportedly acknowledged receipt of Plaintiff's initial demand and information letter (id., ¶ 23) and further acknowledged Plaintiff's follow up letters and demands for coverage (id., ¶ 40), Defendant denied coverage. Id., ¶ 41.

## II.     PROCEDURAL BACKGROUND

Following this Court's Initial Case Management Conference, which was held on December 13, 2017, the Parties agreed to attend a mediation session before the former Court of Common Pleas Judge, Thomas T. Frampton. Doc. nos. 22, 25. That mediation session is scheduled for January 19, 2018 at 9:30 a.m. [Doc. no. 25](Doc. no. 25).

During the Initial Case Management Conference, this Court entered an Order indicating that Plaintiff and Defendant had to exchange all information required by Fed.R.Civ.P. 26(a)(1). The Court also Ordered that if any Party was dissatisfied with the Rule 26(a)(1) disclosures, said Party could file a Motion to Compel by January 9, 2018. As stated by the Court during the Initial Case Management Conference, the reason the Court set an early deadline for the Motion(s) to Compel was so that the Parties would engage in a robust exchange of documentation and information which would lead to a more meaningful mediation session with their chosen mediator.

## III. CURRENT MOTIONS

### A. Plaintiff's Motion ([doc. no. 28](#))

Plaintiff's Motion indicates that Defendant has produced only a single internal communication relating to Plaintiff's demand for coverage. Plaintiff claims that Defendant has admitted to having other internal communications relating to Plaintiff's demand for coverage but Defendant has taken the position that these communications are not relevant to this litigation. Indeed, Defendant in its Response to Plaintiff's Motion (see [doc. no. 33](#)) argues that because Plaintiff filed a declaratory judgment action requiring the Court to only look to the "four corners of the insurance policy" to ascertain if coverage is required, any internal documentation is irrelevant to this action. Defendant further argues that because Plaintiff failed to assert a claim for bad faith, the internal communications sought by Plaintiff are outside the scope of discovery and the production of same would be disproportionate "to the needs of this case" based on the nature of the claim made ant the relief requested.

### B. Defendant's Motion ([Doc. no. 29](#))

Defendant's Motion indicates that Plaintiff has failed to produce the invoices reflecting the legal fees and expenses for which Plaintiff is seeking coverage. According to Defendant's Motion, Plaintiff has asserted that it has paid more than $700,000.00 out of pocket for its legal fees and expenses, and claims that it is entitled to recover that amount should the Court rule in favor of Plaintiff in this Declaratory Judgment matter.

Plaintiff's Response to Defendant's Motion (see [doc. no. 34](#)) contends that it produced a summary of the legal bills from Stevens & Lee covering a multi-year period. Plaintiff has indicated that the summary "delineated the fees paid, distinguishing costs incurred prior to

the service of certain Drug Enforcement Administration warrants and those incurred afterward . . . [and] in anticipation of potential issues concerning the hourly rates charged by various attorneys defending the underlying claim, a chart setting forth the names and rates of each attorney working on the matter, as well as a breakdown by year was provided." Id. Moreover, Plaintiff indicated that it had represented to Defendant that the summary contained only legal bills incurred in relation to the issue raised in this Declaratory Judgement action. Plaintiff has refused to produce the actual legal bills in an effort to avoid a breach of its attorney-client privilege which no Order of Confidentially can protect.

IV.    ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) reads:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26.

**A. Plaintiff's Motion to Compel**

Plaintiff seeks a declaration as to whether coverage under an insurance policy issued by Defendant is required. Plaintiff's Motion seeks "internal communications . . . regarding Passavant's demand for insurance coverage." Doc. no. 28, ¶ 5. Plaintiff notes that Defendant's Answer to the Complaint suggests that various dates may be significant as to when the claim, as defined the policy, arose. Id., ¶ 9. As such, the internal correspondence – which is likely dated – is of interest. Moreover, the Plaintiff contends that even though Defendant has denied coverage,

4

it may have re-evaluated that position, and may still do so, making internal communications relevant to this coverage dispute. Id., ¶ 11. Finally, the production of internal communications would identify witnesses Plaintiff may want to depose in order to gain a better understanding of why its claim was denied and/or re-evaluated under the terms of the policy.

Defendant claims that this sort of discovery is not proportionate to the matter at hand. Defendant urges this Court to adopt the position that nothing but the four corners of the insurance policy itself must dictate whether Defendant does or does not owe coverage given the facts of Plaintiff's occurrence. See [doc. no. 33](doc. no. 33). While this Court certainly agrees that, ultimately, the matter at hand is to be determined the language of the insurance policy and the body of law concerning contract interpretation, this case is in the discovery phase – not the summary judgment phase – and thus, Plaintiff is entitled to discoverable materials.

Defendant cites to case law emanating from the United States Court for the Middle and Easter Districts of Pennsylvania in support of its position that Plaintiff is not entitled to discover any internal communications – other than the one communication which has already been produced. However, none of those decisions are binding on this Court, and this Court rules that a different result is mandated in this particular case. In light of the assertions made in Defendant's Answer as well as the possibility that these communications may assist Plaintiff in identifying people it will need or want to depose, and/or provide Plaintiff with potentially relevant dates, the Court finds that some or all of the withheld internal communications may indeed be relevant. Thus, the Court will order all internal communication to be produced.

Moreover, while this Court is not ruling one way or the other on what evidence it may consider when deciding the ultimate issue in this declaratory judgment action, the Court would note that generally, the "four corners" of a contract is the starting point – and in most cases, the

it may have re-evaluated that position, and may still do so, making internal communications relevant to this coverage dispute. Id., ¶ 11. Finally, the production of internal communications would identify witnesses Plaintiff may want to depose in order to gain a better understanding of why its claim was denied and/or re-evaluated under the terms of the policy.

Defendant claims that this sort of discovery is not proportionate to the matter at hand. Defendant urges this Court to adopt the position that nothing but the four corners of the insurance policy itself must dictate whether Defendant does or does not owe coverage given the facts of Plaintiff's occurrence. See [doc. no. 33](doc. no. 33). While this Court certainly agrees that, ultimately, the matter at hand is to be determined the language of the insurance policy and the body of law concerning contract interpretation, this case is in the discovery phase – not the summary judgment phase – and thus, Plaintiff is entitled to discoverable materials.

Defendant cites to case law emanating from the United States Court for the Middle and Easter Districts of Pennsylvania in support of its position that Plaintiff is not entitled to discover any internal communications – other than the one communication which has already been produced. However, none of those decisions are binding on this Court, and this Court rules that a different result is mandated in this particular case. In light of the assertions made in Defendant's Answer as well as the possibility that these communications may assist Plaintiff in identifying people it will need or want to depose, and/or provide Plaintiff with potentially relevant dates, the Court finds that some or all of the withheld internal communications may indeed be relevant. Thus, the Court will order all internal communication to be produced.

Moreover, while this Court is not ruling one way or the other on what evidence it may consider when deciding the ultimate issue in this declaratory judgment action, the Court would note that generally, the "four corners" of a contract is the starting point – and in most cases, the

ending point – in any contract dispute. However, the parol evidence rule, which allows for extrinsic evidence to be utilized in contract formation (and occasionally interpretation) disputes, remains applicable in some cases. Without the discovery of the extrinsic evidence, a party cannot assess whether the parol evidence rule will apply.

### B.  Defendant's Motion to Compel

The Court disagrees that Passavant must produce unredacted copies of its legal invoices at this juncture. Defendant has declined to provide coverage on this claim. It knows the parameters of the legal fees incurred by Plaintiff to defend itself in the underlying compliance matter. If this Court were to: (1) find in favor of Plaintiff on the coverage issue in the declaratory judgment action and, (2) determine the underlying legal fees and expenses must be paid by Defendant, then Defendant may move the Court to either review the legal bills *in camera* or retain a special master to ascertain whether the legal fees and expenses were incurred in the defense of the underlying compliance matter. Until then, the Court will deny Defendant's Motion to Compel without prejudice to re-raise the request.

## ORDER OF COURT

AND NOW, this 12th day of January, 2018, the Court hereby GRANTS Plaintiff's Motion to Compel ([doc. no. 28](doc. no. 28)) and ORDERS Defendant to produce all internal communications relating to Plaintiff's demand for coverage under the relevant policies of insurance by NOON on January 17, 2018. The Court DENIES Defendant's Motion to Compel ([doc. no. 29](doc. no. 29)) without prejudice to re-raise the matter at more appropriate time as set forth above.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All counsel of record